AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM STEFFAN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>VERISIGN, INC., a Delaware corporation, d/b/a JAMSTER, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, f/k/a AT&T WIRELESS SERVICES, INC. and CINGULAR WIRELESS.<br><br>Defendant. | Case No. '08 CV 0579 BTM WMc<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL<br><br>**CLASS ACTION** |

### CLASS ACTION COMPLAINT

Plaintiff Tom Steffan, on behalf of himself and all others similarly situated, brings this action to secure redress from unlawful contracting practices engaged in by Defendant VeriSign, Inc. d/b/a Jamster ("VeriSign") and New Cingular Wireless Services, Inc. ("AT&T") f/k/a AT&T Wireless Services, Inc. and Cingular Wireless (collectively referred to as "Defendants").

### PARTIES

1.  Plaintiff Tom Steffan is a resident of the State of Colorado, County of Denver.

2. Defendant VeriSign, Inc. is a publicly held corporation chartered under the law of Delaware with principal offices in California. It sells or sold ringtones under several trade names including Jamster. VeriSign does business throughout the nation.

3. Plaintiff is informed and believes and thereon alleges that New Cingular Wireless Services, Inc. ("AT&T") f/k/a AT&T Wireless Services, Inc. and Cingular Wireless is a corporation that is incorporated in the State of Delaware and is headquartered in the State of Washington. AT&T does business in throughout the States of California and Colorado and the nation. At all relevant times, AT&T is and was a wireless service provider.

## JURISDICTION

3. Jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 is in this Court because (i) at least one member of the proposed class is a citizen of a state different from at least one defendant and (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (c).

## FACTS

5. At no time did plaintiff knowingly contract with Defendant VeriSign to purchase any of its products or services.

6. In or about 2007, Plaintiff's minor child downloaded a ringtone or similar mobile content from VeriSign or its agents which was represented to be free.

7. Plaintiff later discovered numerous charges from VeriSign, its subsidiaries or its agents on Plaintiff's cellular telephone bill.

8. On information and belief, VeriSign and its agents have been engaged in deceptive marketing practices directed towards minors for several years.

9. These marketing practices were material misrepresentations because VeriSign or its agents had no intention of providing such a service. VeriSign or its agents were, in fact, deceiving people into being charged unlawfully.

10. VeriSign's or its agents' advertisements offering free or low priced ring tones or games were false and misleading.

11. It was Defendants' intent to deceive Plaintiff and the Class members into paying for these unlawful charges.

## CLASS ALLEGATIONS

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of a class (the ""Class"") consisting of all parents of minors in the United States who responded to an advertisement offering a free mobile content product or service from Defendant and were charged by Defendant a line-item fee, provided however, that all present and former employees of Defendant are excluded from the Class.

13. The class is so numerous that joinder of all members is not practicable. On information and belief, there are thousands of members. This action is properly brought as a class action under Rule 23.

14. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.

15. Although Plaintiff does not know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

16. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual issues. These common questions raised by Plaintiff's claims include, but are not limited to:

a. Whether Defendant VeriSign engaged in deceptive marketing practices; and

b. Whether Defendants billed parents of minors without authorization to do so.

17. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the class, and he has retained counsel competent and experienced in class action litigation.

18. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
## (CONSUMER FRAUD)

19. Plaintiff incorporates by reference the foregoing allegations.

20. Defendants engaged in unfair methods of competition and unfair and deceptive practices, including false promise and misrepresentation of material facts in its conduct as alleged above.

21. Defendants violated, and continue to violate the proscription against such conduct.

22. Defendants, through its acts of unfair competition, have obtained money fraudulently from Plaintiff and the other members of the proposed Class. Plaintiff and the

members of the Class ask that this Court enjoin Defendants from continuing such illegal practices.

23. Such conduct is ongoing and continues to this date. Plaintiff, the Class members and the general public are therefore entitled to the relief described herein.

## COUNT II
## (FALSE ADVERTISING)
### (Cal B&P Code § 17500, et seq.)

24. Plaintiff, individually and on behalf of all persons similarly situated and on behalf of the general public, hereby restate, re-allege, and incorporate by reference the paragraphs stated above in this Complaint as though fully set forth herein.

25. Defendant VeriSign caused to be made or disseminated from California before the public throughout the nation and the world, the advertisements described above.

26. Defendant VeriSign's intent in making the advertisements described above was to induce the purchase from Defendant's products.

27. Defendant VeriSign's ot its agents' products and services were marketed by VeriSign or its agents deceptively.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows for:

a. Declaratory relief;

b. An injunction against the misconduct described above;

c. For compensatory and punitive damages for Plaintiff and the Class;

d. Attorneys' fees, litigation costs and expenses; and

e. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 27, 2008

Respectfully submitted,

AUDET & PARTNERS, LLP

By: /s/

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

---

CLASS ACTION COMPLAINT

```
          UNITED STATES
          DISTRICT COURT
       SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       #  149150      -  SH

         March 27, 2008
            14:14:38


         Civ Fil Non-Pris
USAO #.: 08CV0579
Judge..: BARRY T MOSKOWITZ
Amount.:                $350.00 CK
Check#.: BC3015502



     Total-> $350.00


FROM: STEFFAN V. VERISIGN
```

**ORIGINAL**

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

FILED

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

08 MAR 27 PM 2:11

CLERK
US SOUTHERN DISTRICT COURT
DISTRICT OF CALIFORNIA

BY [illegible] DEPUTY

**I. (a) PLAINTIFFS**
Tom Steffan, individually and on behalf of a class of similarly situated individuals.

**DEFENDANTS**
Verisign, Inc. a Delaware corporation, d/b/a Jamsters, New Cingular Wireless Services, Inc., a Delaware corporation, f/k/a AT&T Wireless Services, Inc. and Cingular Wireless

(b) County of Residence of First Listed Plaintiff   FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William M. Audet, Audet & Partners, LLP, 221 Main St. Ste 1460, San Francisco, CA 94105 (415) 568-2555

Attorneys (If Known)

'08 CV 0579 BTM WMc

BY FAX

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rule 23 of the Federal Rules of Civil Procedure, Cal B&P Code § 17500, et seq   29 USC 1391

Brief description of cause:
Consumer Fraud, and False Advertising,

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   03/27/2008
SIGNATURE OF ATTORNEY OF RECORD   [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 14950   AMOUNT $350   APPLYING IFP   JUDGE   MAG. JUDGE

EU 3/27/08
CR