AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TOM STEFFAN, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

VERISIGN, INC., a Delaware corporation; d/b/a JAMSTERS, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, t/k/a AT&T WIRELESS SERVICES, INC. CINGULAR WIRELESS

Defendants.

Case No. 08-0579 BTM WMc

**DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 40.1(E)**

I, William M. Audet, declare as follows:

I am a partner in the San Francisco office of Audet & Partners, LLP. I submit this declaration in support of Plaintiffs' Notice of Related Cases pursuant to Local Rule 40.1(e) of the United States District Court for the Southern District of California.

DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES
PURSUANT TO LOCAL RULE 40.1(E)

Attached hereto as Exhibit A is a true and correct copy of the complaint entitled Steffan v. Verisign, Inc. et al., Case No. 08-cv-0579 filed on March 27, 2008 and assigned to the Honorable Barry Ted Moskowitz and Magistrate Judge William McCurine.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed this 1 day of April, 2008, at San Francisco, California.

Respectfully submitted,

AUDET & PARTNERS, LLP

By:/s/ William M. Audet

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*

**DECLARATION OF WILLIAM M. AUDET IN SUPPORT OF NOTICE OF RELATED CASES PURSUANT TO LOCAL RULE 40.1(E)**

# EXHIBIT A

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TOM STEFFAN, individually and on behalf of a class of similarly situated individuals,

Plaintiff,

v.

VERISIGN, INC., a Delaware corporation, d/b/a JAMSTER, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, f/k/a AT&T WIRELESS SERVICES, INC. and CINGULAR WIRELESS.

Defendant.

Case No. '08 CV 0579 BTM WMC

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

**CLASS ACTION**

## CLASS ACTION COMPLAINT

Plaintiff Tom Steffan, on behalf of himself and all others similarly situated, brings this action to secure redress from unlawful contracting practices engaged in by Defendant VeriSign, Inc. d/b/a Jamster ("VeriSign") and New Cingular Wireless Services, Inc. ("AT&T") f/k/a AT&T Wireless Services, Inc. and Cingular Wireless (collectively referred to as "Defendants").

### PARTIES

1. Plaintiff Tom Steffan is a resident of the State of Colorado, County of Denver.

2. Defendant VeriSign, Inc. is a publicly held corporation chartered under the law of Delaware with principal offices in California. It sells or sold ringtones under several trade names including Jamster. VeriSign does business throughout the nation.

3. Plaintiff is informed and believes and thereon alleges that New Cingular Wireless Services, Inc. ("AT&T") f/k/a AT&T Wireless Services, Inc. and Cingular Wireless is a corporation that is incorporated in the State of Delaware and is headquartered in the State of Washington. AT&T does business in throughout the States of California and Colorado and the nation. At all relevant times, AT&T is and was a wireless service provider.

## JURISDICTION

3. Jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 is in this Court because (i) at least one member of the proposed class is a citizen of a state different from at least one defendant and (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## VENUE

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (c).

## FACTS

5. At no time did plaintiff knowingly contract with Defendant VeriSign to purchase any of its products or services.

6. In or about 2007, Plaintiff's minor child downloaded a ringtone or similar mobile content from VeriSign or its agents which was represented to be free.

7. Plaintiff later discovered numerous charges from VeriSign, its subsidiaries or its agents on Plaintiff's cellular telephone bill.

8. On information and belief, VeriSign and its agents have been engaged in deceptive marketing practices directed towards minors for several years.

9. These marketing practices were material misrepresentations because VeriSign or its agents had no intention of providing such a service. VeriSign or its agents were, in fact, deceiving people into being charged unlawfully.

10. VeriSign's or its agents' advertisements offering free or low priced ring tones or games were false and misleading.

11. It was Defendants' intent to deceive Plaintiff and the Class members into paying for these unlawful charges.

## CLASS ALLEGATIONS

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this class action on behalf of a class (the ""Class"") consisting of all parents of minors in the United States who responded to an advertisement offering a free mobile content product or service from Defendant and were charged by Defendant a line-item fee, provided however, that all present and former employees of Defendant are excluded from the Class.

13. The class is so numerous that joinder of all members is not practicable. On information and belief, there are thousands of members. This action is properly brought as a class action under Rule 23.

14. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.

15. Although Plaintiff does not know the names of all Class members, their identities and addresses can be readily ascertained from Defendants' records.

16. There are numerous and substantial questions of law and fact common to all members of the Class that control this litigation and predominate over any individual issues. These common questions raised by Plaintiff's claims include, but are not limited to:

a. Whether Defendant VeriSign engaged in deceptive marketing practices; and

b. Whether Defendants billed parents of minors without authorization to do so.

17. Plaintiff will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the members of the class, and he has retained counsel competent and experienced in class action litigation.

18. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the class is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

## COUNT I
### (CONSUMER FRAUD)

19. Plaintiff incorporates by reference the foregoing allegations.

20. Defendants engaged in unfair methods of competition and unfair and deceptive practices, including false promise and misrepresentation of material facts in its conduct as alleged above.

21. Defendants violated, and continue to violate the proscription against such conduct.

22. Defendants, through its acts of unfair competition, have obtained money fraudulently from Plaintiff and the other members of the proposed Class. Plaintiff and the

members of the Class ask that this Court enjoin Defendants from continuing such illegal practices.

23. Such conduct is ongoing and continues to this date. Plaintiff, the Class members and the general public are therefore entitled to the relief described herein.

## COUNT II
## (FALSE ADVERTISING)
### (Cal B&P Code § 17500, et seq.)

24. Plaintiff, individually and on behalf of all persons similarly situated and on behalf of the general public, hereby restate, re-allege, and incorporate by reference the paragraphs stated above in this Complaint as though fully set forth herein.

25. Defendant VeriSign caused to be made or disseminated from California before the public throughout the nation and the world, the advertisements described above.

26. Defendant VeriSign's intent in making the advertisements described above was to induce the purchase from Defendant's products.

27. Defendant VeriSign's ot its agents' products and services were marketed by VeriSign or its agents deceptively.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows for:

a. Declaratory relief;

b. An injunction against the misconduct described above;

c. For compensatory and punitive damages for Plaintiff and the Class;

d. Attorneys' fees, litigation costs and expenses; and

e. Such other and further relief as the Court deems proper.

## JURY DEMAND

CLASS ACTION COMPLAINT
5

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: March 27, 2008

AUDET & PARTNERS, LLP

By: /s/

AUDET & PARTNERS, LLP
William M. Audet (CA 117456)
waudet@audetlaw.com
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.568.2556

*Attorneys for Plaintiff and the Class*